IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-71,916-03






EX PARTE LUIS RAUL CAMACHO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 73784 IN THE 41ST DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam. 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). 

 Applicant pleaded guilty on May 10, 1996, to aggravated assault on a police officer and was
placed on ten years' community supervision. According to the judgment, the State filed a motion to
revoke the community supervision within the supervision period on September 23, 2003. The
community supervision was not revoked, however, until July 5, 2006, which is after the supervision
period appears to have ended. In this writ application, Applicant complains he was denied his right
to effective assistance of counsel because counsel did not argue the State's lack of due diligence in
timely seeking the revocation of Applicant's community supervision.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). There is no
response from counsel in the record provided to this Court, and there are no findings from the trial
court. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
 The trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance by explaining counsel's representation of Applicant, including applicable strategy and
tactical decisions. To obtain the response, the trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claim raised
in the writ application. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: September 12, 2012

Do not publish